(Pleito No. 224.—Fallado el 11 de Noviembre de 1902.)

## UMPIERRE contra OCHOA.

RECURSO contra sentencia dictada por la Corte de Distrito de San Juan.

RECURSOS. En los recursos por error en la apreciación de las pruebas, debe invocarse el No. 7 del Artículo 1,690, de la Ley de Enjuiciamiento Civil, y hacer las citas que demuestren el error de hecho ó de derecho en que haya podido incurrir la Corte sentenciadora, y si sólo se combate la errónea apreciación de determinado elemento probatorio, cuando el tribunal *a quo* ha formado su juicio por el conjunto de todas las pruebas aportadas al pleito, no cabe el recurso por error, con arreglo al No. 9, Artículo 1,727 de la ley mencionada.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á once de Noviembre de mil novecientos dos, en el pleito seguido en la Corte de Distrito de San Juan por la sociedad Mercantil Santiago Umpierre y Cª, domiciliada en el pueblo de Comerío, con los Sres. J. Ochoa Hermanos, del comercio de esta ciudad, sobre reclamación de una partida de café entregada en depósito ó su equivalente en metálico, según valor en plaza, pendiente ante Nos en virtud de recurso de casación por infracción de ley interpuesto por la sociedad demandante, y en su defensa y representación por el Letrado Don Juan Hernández López; habiéndolo estado la parte recurrida por el Licenciado Don Hilario Cuevillas y Her-

nández.—Resultando: Que por el extinguido Juzgado de 1ª Instancia de Caguas se declaró el quince de Julio de mil ochocientos noventa y nueve en suspensión de pagos á la sociedad mercantil que gira en Comerío bajo la razón social de Santiago Umpierre y Cª, accediendo de este modo á su solicitud formulada en catorce del mismo mes y año.— Resultando: Que seguidos los correspondientes trámites se celebró la Junta de acreedores y, entre otros, figuraron los Sres. J. Ochoa y Hermanos por cuenta corriente con un crédito á su favor por la cantidad de quince mil quinientos veinte y siete pesos, cuarenta y ocho centavos, saldo que arrojaba dicha cuenta después de algunos años de abierta, y entre cuyas partidas se observa una por café recibido y vendido en dos mil doscientos cincuenta y ocho pesos, cuarenta y un centavos, y abonada esa cantidad á los Sres. Santiago Umpierre y Cª, del comercio de Comerío, habiendo votado los Sres. J. Ochoa Hermanos, sin impugnación de nadie, por el saldo que se ha referido, y que consta en la cuenta que presentó en la Junta.—Resultando: Que en cinco de Febrero de mil novecientos se aprobó definitivamente el convenio de los Sres. Santiago Umpierre y Cª con sus acreedores, consistentes aquél en una espera de tres años de sus acreedores para pagar íntegro sus créditos sin intereses.— Resultando: Que con una carta de remisión de una copia de la cuenta corriente que alcanza hasta treinta y uno de Marzo de mil novecientos y que le enviaron los Sres. J. Ochoa Hermanos, de este comercio, y con certificación de haberse intentado el acto de conciliación sin resultado, el diez y seis de Junio de mil novecientos presentaron los Sres. Santiago Umpierre y Cª demanda en juicio declarativo contra los Sres. J. Ochoa Hermanos, con la pretensión de que en su día se les condenara á devolver ciento ochenta quintales de café entregados á depósito y en expectación de venta, y en su defecto, á que paguen á los demandantes el importe de dicho café al precio corriente en plaza, condenándose además á dicha sociedad al pago de daños y perjui-

cios, intereses legales y de todas las costás del juicio, y sin perjuicio de las demás responsabilidades en que ha incurrido dicha sociedad demandada.—Resultando: Que como fundamento de derecho de su demanda citó el actor el artículo 1,150 de la Ley de Enjuiciamiento Civil, 872 y 904 del Código de Comercio, que se refieren al valor legal del convenio entre comerciantes y los del Código de Comercio y Código Civil que se relacionan con el contrato de depósito.— Resultando: Que la sociedad demandada, J. Ochoa Hermanos, impugnó la demanda, sosteniendo en los hechos, que las relaciones mercantiles con los actores Sres. Santiago Umpierre y Cª, se han limitado siempre á una simple cuenta corriente con algunos años de existencia, en la cual éstos hacían pedidos y para cubrir lo adeudado remitían frutos para que, vendidos á los precios corrientes, se aplicara su valor á dicha cuenta, llevando la sociedad demandada su benevolencia al extremo de depositar en sus almacenes los frutos en espera de venta más favorable por su precio á los deudores remitentes, como lo prueba el hecho que jamás éstos se opusieron al abono por la venta de los frutos remitidos; que no es exacto, por tanto, que recibieran el café en depósito y que les extraña la conducta de la demandante, puesto que la cuenta que con su demanda acompañaron no representa el estado de relaciones en el día de la Junta de acreedores sino que la que demuestra la verdadera situación es la que los demandados presentaron á dicha Junta, y que adjuntan á su contestación, en la que consta el abono por la venta del café que hoy se les reclama y de esa y de otras operaciones que en el desarrollo de la cuenta se realizaron, resulta el saldo por el que votaron á ciencia y paciencia del deudor.—Resultando: Que como fundamentos legales de la contestación se realizan las disposiciones que al contrato de depósito se refieren, y se sostiene que no son de aplicación al caso de autos, porque no se trata de depósito de frutos, puesto que sus entregas no se hicieron para guardarlos, custodiarlos y devolverlos, sino puramente para aplicarlos desde luego á la

cuenta corriente como dación en pago.—Resultando: Que recibido el pleito á prueba, ambas partes presentaron las cartas que en su larga correspondencia habían sostenido, siendo cinco las dirigidas por la sociedad demandada á la demandante y treinta y cinco las que dirigió ésta á aquélla; se agregó el expendiente original sobre la suspensión de pagos solicitada por Santiago Umpierre y Cª, se cotejaron la cuenta corriente y las cartas con lòs libros respectivos, se confesó por las partes la certeza de las cartas y la legitimidad de sus correspondientes firmas y en veintiocho de Mayo del año próximo pasado se dictó por la Corte del Distrito de San Juan sentencia por la cual se declara sin lugar la demanda interpuesta, con las costas al actor, bajo el principal fundamento de que correspondiendo al actor la prueba, éste no ha probado los hechos que revelen el contrato de depósito tal como el derecho lo define, sino que, por el contrario, las probanzas inducen á admitir la existencia de una cuenta corriente reguladora de las relaciones mercantiles entre el demandante y demandado ó la de· un contrato auxiliar de apertura de crédito en cuenta corriente.—Resultando: Que por parte de la sociedad Santiago Umpierre y Cª se interpuso recurso de casación por infracción de ley fundado en el número 1 del artículo 1,690 y al formalizarlo ante este Tribunal Supremo, sólo se dice:—1º Que la sentencia recurrida contiene error en la apreciación de las pruebas propuestas y practicadas ·por esta parte, lo cual constituye motivo para el recurso de casación por infracción de ley según lo establecido en el párràfo 79 de la Orden General número 118, de Agosto diez y seis de mil ochocientos noventa y nueve, consistiendo dicho error en que al apreciar el Tribunal de San Juan las cartas que presentó suscritas por la sociedad demandada, no deduce el hecho de haber recibido ésta en depósito los ciento ochenta quintales de café, sino que, por el contrario, entiende que demuestran un contrato de cuenta corriente ó uno auxiliar de apertura de crédito en cuenta corriente;—2º Infringe por su no apli-

cación los artículos 303, 304, 305, 306 y siguientes del
Código de Comercio, puesto que han debido aplicarse á los
hechos que en la sentencia se aceptan y que demuestran que
el depositante y depositario son comerciantes, las cosas depo-
sitadas son objeto de comercio y el depósito constituyó
una operación mercantil entre ambos contratantes;—3º    In-
fringe igualmente los artículos 1,758, 1,760, 1,766, 1,767, 1,770
y demás del Código Civil que definen el depósito y regulan
los derechos y obligaciones entre ambas partes, y la sentencia,
al apreciar los hechos, no aplica esas disposiciones; y 4º
Infracción de los artículos 872 y 904 del vigente Código de
Comercio, en relación con el. 1,150 de la Ley de Enjuicia-
miento Civil, puesto que habiendo el recurrente celebrado
convenio judicial con sus acreedores y entre ellos con los
Sres. J. Ochoa Hermanos, no pueden éstos hacer efectivo su
crédito sino con arreglo al convenio, y dirigir su acción
exclusivamente contra los bienes presentados en la suspensión
de pagos, y tampoco puede legalmente dicha sociedad
cobrarse anticipadamente con bienes afectos á todas y cada
una de las responsabilidades comprendidas en el convenio, y
para el cumplimiento de éste, en beneficio de todos los
acreedores.—Visto:   Siendo Ponente el Juez Asociado Don
José Mª Figueras Chiqués.—Considerando: , Que la infrac-
ción alegada por la parte recurrente en el motivo primero,
la funda en que el Tribunal del Distrito de San Juan
no le da valor á sus cartas presentadas enfrente de otras
pruebas; y como quiera que en el recurso no se invoca
el número 7 del artículo 1,690 de la Ley de Enjuiciamiento
Civil ni se hacen tampoco las citas que demuestren el error
de hecho ó de derecho en que en la apreciación de tal prueba
haya podido incurrir la Corte sentenciadora, y como por
otra parte sólo se combate la errónea apreciación en deter-
minado elemento probatorio, cuando el Tribunal *a quo*
ha formado su juicio por el conjunto de todas las pruebas
aportadas al pleito, es evidente que no puede prosperar
el recurso por el primer motivo citado, con arreglo al número

9 del artículo 1,727 de la ley mencionada.—Considerando: Que la Corte de San Juan desestimó la demanda por no haberse probado los hechos que demostraran el contrato de depósito alegado por el recurrente, y como la apreciación en conjunto de las probanzas no se ha impugnado en la forma que taxativamente dispone el número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, es incontrovertible el criterio formado, y por consiguiente no se ha cometido ninguna de las infracciones alegadas en los motivos segundo y tercero que se refieren al contrato de depósito, que es precisamente lo que la sentencia declara que no se ha probado.—Considerando: Que los Sres. J. Ochoa Hermanos en nada han alterado el estado de derecho creado por el convenio que como acreedores celebraron con Santiago Umpierre y Cª, puesto que aquellos concurrieron á la Junta con la cuenta corriente y por su saldo fueron admitidos y votaron en favor del convenio, constituyendo todos esos hechos, aceptados sin impugnación de nadie, la prueba más palmaria de que el deudor Santiago Umpierre y Cª reconoció la cuenta corriente en toda su integridad en la que aparecía que se le abonó el importe de la vénta del café que hoy él reclama, volviendo el reclamante sobre sus propios actos.— Considerando: Por tanto, que no alterándose en lo más mínimo lo convenido ni tratádose bajo ningún concepto de dejarlo incumplido por parte de los Sres. J. Ochoa Hermanos, no se han podido tampoco infringir en la sentencia recurrida las disposiciones que se citan en el cuarto y último motivo del recurso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por los Sres. Santiago Umpierre y Cª á quienes condenamos en las costas; y líbrese á la Corte del Distrito de San Juan la certificación correspondiente, con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la Colección de Sentencias de este Tribunal, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José M.ª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á once de Noviembre de mil novecientos dos.—Antonio F. Castro, *Secretario.*